UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SCOTT CRAWFORD,
an individual,

    Plaintiff,

v.

HINDS COUNTY BOARD OF
SUPERVISORS,

    Defendant.

Case No: 3:17-cv-118

Judge: TSL

Magistrate Judge: RHW

# COMPLAINT

"I now lift my pen to sign this Americans with Disabilities Act and say:
Let the shameful wall of exclusion finally come tumbling down. God bless you all."

- President George H. W. Bush, July 26, 1990

**Bizer & DeReus**
Attorneys for Plaintiff
Jacqueline K. Hammack (MS #104556)
jhammack@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

## PRELIMINARY STATEMENT

1. Plaintiff, Scott Crawford, Ph.D., (hereafter "DR. CRAWFORD") is a disabled individual afflicted by a rapidly progressive form of multiple sclerosis, who relies on a wheelchair for mobility. DR. CRAWFORD is a dedicated advocate for the disabled community, and works tirelessly to remove accessibility barriers that he encounters. DR. CRAWFORD appreciates that he is privileged to have an electric-powered wheelchair that is among the smallest and most nimble on the market which allows him to navigate through many barriers unhindered; DR. CRAWFORD recognizes that other disabled individuals, such as those in manual wheelchairs or larger electric wheelchairs, would have a much greater difficulty when encountering barriers that he is able to surmount. Thus, DR. CRAWFORD seeks removal of accessibility barriers not just for his own sake, but for the sake of the broader disabled community, and especially those disabled individuals who lack the privilege he enjoys.

2. DR. CRAWFORD is a resident of Hinds County, Mississippi. In October, 2012, DR. CRAWFORD was summoned for jury duty. When he reported to the Courthouse for jury duty, DR. CRAWFORD encountered several mobility-related barriers. DR. CRAWFORD immediately filed a complaint with the Defendant, the HINDS COUNTY BOARD OF SUPERVISORS, (hereafter "HINDS COUNTY"). DR. CRAWFORD subsequently conducted a survey of the Courthouse to identify all accessibility barriers, with the assistance of other disability advocates and with the cooperation of HINDS COUNTY.

3. In January, 2013, DR. CRAWFORD made a presentation to HINDS COUNTY and made a heartfelt plea for its voluntary creation and implementation of a transition plan to remove accessibility barriers at the Courthouse. The local newspaper, The Clarion-Ledger, ran a

story in February, 2013 covering the efforts by DR. CRAWFORD and others to remove barriers at the Courthouse, and the decision of HINDS COUNTY to hire an Americans with Disabilities Act (hereafter "ADA") Coordinator. HINDS COUNTY subsequently hired an ADA Coordinator and completed a comprehensive self-evaluation of all ADA violations at the Courthouse.

4. In 2015, DR. CRAWFORD was again summoned for jury duty. When he arrived at the Courthouse, he encountered the same barriers that he had encountered when he was last summoned for jury duty in 2012. On June 16, 2015, DR. CRAWFORD sent a letter to the ADA Coordinator for HINDS COUNTY expressing his frustration that even small, inexpensive barriers (such as signage and door handles) had not been remedied since 2012, and reiterating his request for ADA compliance. HINDS COUNTY subsequently added an accessible entrance and included signage to direct individuals from the main entrance to the accessible entrance.

5. DR. CRAWFORD visited the Courthouse on January 27, 2017 to conduct an informal survey of accessibility barriers, and found that no additional barriers had been removed other than the accessible entrance and signage.

6. Undersigned counsel sent a public records request to HINDS COUNTY on January 23, 2017, seeking all documents showing that HINDS COUNTY either has implemented a plan or is working to create and/or implement a plan to bring the Courthouse into ADA compliance. HINDS COUNTY responded with a copy of its undated, comprehensive self-evaluation of all ADA violations at the Courthouse.

7. DR. CRAWFORD brings this lawsuit seeking injunctive and declaratory relief and attorneys' fees and costs pursuant to Title II of the Americans with Disabilities Act, 42

U.S.C. § 12131 *et seq.* ("Americans with Disabilities Act" or "ADA"), and the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.* ("Rehabilitation Act" or "RA").

## THE PARTIES

8. Plaintiff, Scott Crawford, Ph.D., (hereafter "DR. CRAWFORD") is a resident citizen of Hinds County, Mississippi, whose residential address is 525 Choctaw Road, Jackson, Mississippi 39206.

9. DR. CRAWFORD is a qualified individual with a disability under the ADA. DR. CRAWFORD suffers from a rapidly progressive form of multiple sclerosis. Due to his disability, DR. CRAWFORD is substantially impaired in several major life activities and requires a wheelchair for mobility.

10. Defendant, Hinds County Board of Supervisors, (hereafter "HINDS COUNTY") is a state-created government organization. Upon information and belief, HINDS COUNTY is the political entity which owns and operates the Courthouse located at 407 East Pascagoula Street, Jackson, Mississippi 39205 (hereinafter "the Courthouse").

11. Upon information and belief, the Courthouse is a government facility which is open to members of the public, including DR. CRAWFORD.

## JURISDICTION & VENUE

12. This is an action for relief pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.*, (see also 28 U.S.C. § 2201 and § 2202), and the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.* This Court is vested with original jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the property which is the subject of this action is located in Hinds County, Mississippi.

14. All events giving rise to this lawsuit occurred in the Southern District of Mississippi, Northern Division.

## COUNT I: VIOLATION OF TITLE II
## OF THE AMERICANS WITH DISABILITIES ACT

15. DR. CRAWFORD realleges and reavers paragraphs 1-15 as if they were expressly restated herein.

16. Upon information and belief, HINDS COUNTY owns and operates the Courthouse where services and programs are offered by the State of Mississippi's Seventh Circuit Court District, Hinds County Justice Court, and the Hinds County Election Commission, among others.

17. HINDS COUNTY is a "public entity" within the meaning of 42 U.S.C. § 12131(1), and is therefore subject to Title II of the ADA and its implementing regulations.

18. Title II of the ADA sets various requirements, including the "new construction/alteration" standard and the "program access" standard. The "new construction/alternation" standard applies to portions of a facility which have been altered after the passage of the ADA and the "program access" standard applies to portions of a facility have not been altered since the passage of the ADA.

19. Under the "new construction/alteration" standard, a public entity is obligated to comply with the technical and scoping requirements of the 2010 ADA Accessibility Guidelines

("ADAAG"). The ADAAG sets forth specific requirements and standards for various architectural features, ranging from ramps to restrooms.

20. Under the "program access" standard, a public entity shall ensure that each of its programs, services, and accommodations are readily accessible to and usable by persons with disabilities. Under the applicable case law, a public entity should use the ADAAG as an informative guide to determine whether a barrier exists.

21. The harm allegedly sustained by DR. CRAWFORD herein – the inability to access the services and programs offered at the Courthouse without great difficulty – is the expected and foreseeable consequence of HINDS COUNTY'S failure to operate an ADA-compliant facility. The statute and accompanying regulations exist to ensure that those with physical limitations will have full use of programs and services offered by public entities. If HINDS COUNTY fails to adhere to its obligations under the ADAAG regulations, it was imminently foreseeable that those with disabilities would sustain the exact harms alleged by DR. CRAWFORD in this lawsuit.

22. Upon information and belief, the Courthouse offers programs and services, including but not limited to those offered by the State of Mississippi's Seventh Circuit Court District, Hinds County Justice Court, and the Hinds County Election Commission.

23. DR. CRAWFORD has been to the Courthouse numerous times in the past.

24. DR. CRAWFORD last visited the Courthouse on January 27, 2017. During his visit to the Property on January 27, 2017, DR. CRAWFORD did not encounter a single accessible public restroom.

25. DR. CRAWFORD plans to return to the Courthouse as a member of the disabled community to determine whether the barriers to access alleged herein have been modified and/or brought into compliance with the requirements of the ADA. Moreover, as a registered voter of Hinds County, DR. CRAWFORD could be called to the Courthouse to serve jury duty at any time.

26. DR. CRAWFORD presently fears that he will encounter the mobility-related barriers which exist at the Courthouse when he returns to the Courthouse in the future. Without an accessible public restroom, the time DR. CRAWFORD can spend at the Courthouse is severely limited.

27. DR. CRAWFORD lives approximately four (4) miles away from the Courthouse.

28. The barriers discussed below in Paragraph 31 are mobility-related and threaten to deny DR. CRAWFORD equal access to the programs and services which are offered the Courthouse.

29. Upon information and belief, HINDS COUNTY has discriminated, and is continuing to discriminate, against DR. CRAWFORD in violation of the ADA by excluding and/or denying DR. CRAWFORD the benefits of its services, programs, and/or activities by failing to, *inter alia*, have accessible facilities within five (5) years of January 26, 1992.

30. DR. CRAWFORD has reasonable grounds for believing that he will continue to be subjected to discrimination as a result of the barriers which are discussed in Paragraph 31.

31. HINDS COUNTY'S mobility-related ADA barriers and violations include:

7

    A.    There are no accessible parking spaces in the nearby public parking lot designated for "City/County Business" located at the corner of Pascagoula Street and South President Street.

    B.    There is no accessible route from the public parking lot to the sidewalk.

    C.    The nearby street-parking spaces which are designated with the International Symbol of Accessibility lack an access aisle.

    D.    There are no accessible public restrooms at the Courthouse.

    E.    The public restrooms on the basement-level, the first floor, the second floor, and the third floor are all designated with the International Symbol of Accessibility, and yet each of the public restrooms contains architectural barriers rendering them inaccessible.

    F.    In each of the public restrooms at the Courthouse, the dimensions of the purportedly accessible toilet stalls render them inaccessible to wheelchair users.

    G.    Other mobility-related ADA barriers and violations to be identified following a complete inspection of the Courthouse.

32.    42 U.S.C. § 12133 provides: "[t]he remedies, procedures, and rights set forth in section 794a of Title 29 shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 of this title."

33.    HINDS COUNTY has discriminated against DR. CRAWFORD by denying him full access to the services, programs, and/or activities by failing to make its facilities readily

accessible as required by 42 U.S.C. § 12132 and its implementing regulations, 28 C.F.R. § 35.101 *et. seq.*

34. HINDS COUNTY has discriminated, and is continuing to discriminate, against DR. CRAWFORD in violation of the ADA by excluding and/or denying DR. CRAWFORD the full and equal benefits of its services and programs, by failing to, *inter alia*, have accessible facilities. DR. CRAWFORD has personally and continuously experienced the accessibility barriers each time he has visited the Courthouse since October 2012.

35. 28 C.F.R. § 35.130(1)(vii) states that "[a] public entity, in providing any aid, benefit, or service, may not ... limit a qualified individual with a disability in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aid, benefit, or service." Additionally, 28 C.F.R. § 35.130(4) provides that "[a] public entity may not, in determining the site or location of a facility, make selections–(I) [t]hat have the effect of excluding individuals with disabilities from, denying them the benefits of, or otherwise subjecting them to discrimination..." HINDS COUNTY has violated these provisions by providing services and programs at the Courthouse which is an inaccessible facility.

36. HINDS COUNTY has discriminated against DR. CRAWFORD by excluding him from participation in, and denying him the benefits of, the services and programs at its Courthouse because of DR. CRAWFORD'S disability, in violation of 42 U.S.C. § 12132.

37. Upon information and belief, HINDS COUNTY continues to discriminate against DR. CRAWFORD, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered services, programs, facilities, privileges, advantages or accommodations to individuals

with disabilities; and by failing to make such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, programs, and/or segregated or otherwise treated differently than other individuals because of failure to remove architectural barriers.

38. Upon information and belief, DR. CRAWFORD, and all other individuals similarly situated have been denied access to, and have been denied the benefits of services and programs offered at the Courthouse, and have otherwise been discriminated against and damaged by HINDS COUNTY because of HINDS COUNTY'S discrimination, as set forth above. DR. CRAWFORD and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. Furthermore, as required by the ADA and other remedial civil rights legislation, to properly remedy HINDS COUNTY'S discriminatory violations and avoid piecemeal litigation, DR. CRAWFORD requires a full inspection of the Courthouse in order to catalogue and cure all areas of non-compliance with the ADA.

39. Upon information and belief, HINDS COUNTY has been aware of the existence of architectural barriers at the Courthouse since October 2012, when DR. CRAWFORD first filed a formal complaint. Additionally, HINDS COUNTY'S own self-evaluation, provided to undersigned counsel in response to a public records request, identified hundreds of architectural barriers, yet HINDS COUNTY has developed no transition plan or other plan to bring the Courthouse into compliance with the ADA.

40. DR. CRAWFORD has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs, and litigation expenses from HINDS COUNTY pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 35.175.

41. DR. CRAWFORD is suffering irreparable injury by virtue of HINDS COUNTY'S invasion of the rights conferred on him by 42 U.S.C. § 12131, *et seq.*

42. Pursuant to 42 U.S.C. § 12131, *et seq.*, this Court is vested with authority to grant injunctive relief to DR. CRAWFORD including an order that HINDS COUNTY alter the Courthouse to make its programs and services readily accessible to and useable by DR. CRAWFORD and all other persons with disabilities as defined by the ADA.

## **COUNT II: VIOLATION OF THE REHABILITATION ACT**

43. DR. CRAWFORD adopts and re-alleges the allegations contained in paragraphs 1-42 as if fully stated herein.

44. Upon information and belief, HINDS COUNTY has been and continues to be a recipient of federal financial assistance within the meaning of 49 C.F.R. § 27.5 and is therefore subject to Section 504 of the RA and its implementing regulations.

45. The Rehabilitation Act provides that:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service. 29 U.S.C. § 794(a).

46. Upon information and belief, as set forth herein, HINDS COUNTY has violated the RA by intentionally excluding DR. CRAWFORD, solely by reason of his disability, from

11

participation in, and denying him the benefits of, and has otherwise subjected him to discrimination under, HINDS COUNTY'S programs and services.

47.     Upon information and belief, a non-exclusive list of HINDS COUNTY'S violations of the RA and discriminatory conduct against DR. CRAWFORD are evidenced by:

- A. Denying DR. CRAWFORD access to, and the opportunity to participate in or benefit from, the programs and services offered at the Courthouse;

- B. By otherwise limiting DR. CRAWFORD in the enjoyment of the rights, privileges, advantages, and opportunities enjoyed by individuals without disabilities who participate in the programs and services offered by HINDS COUNTY at the Courthouse;

- C. Making facility site or location selections that have the effect of discriminating against individuals with disabilities such as DR. CRAWFORD and excluding them from and denying them the benefits of, and defeating or substantially impairing the accomplishment of the objectives of, the services and programs offered by HINDS COUNTY at the Courthouse;

- D. Failing to administer programs and activities in the most integrated setting appropriate to the needs of DR. CRAWFORD and others similarly situated;

- E. Excluding DR. CRAWFORD from participating in, and enjoying the benefits of, HINDS COUNTY'S programs and activities as a result of the Courthouse being inaccessible to or unusable by DR. CRAWFORD; and

    F.    Failing to design and/or construct new facilities, or make alterations to existing facilities, which are readily accessible to and useable by individuals with disabilities.

48.    Upon information and belief, there are additional, ongoing violations of the RA at the Property which DR. CRAWFORD is likely to encounter upon his future visits to the Courthouse. Therefore, DR. CRAWFORD brings this action:

    A.    To redress injuries suffered as a result of the discriminatory actions and inactions of HINDS COUNTY as set forth herein;

    B.    To reasonably avoid further and future injury to DR. CRAWFORD as a result of HINDS COUNTY'S ongoing failure to cease its discriminatory practices as set forth herein, including correcting violations of the RA;

    C.    To ensure the Courthouse is accessible as required by the relevant applications of Title II of the ADA;

    D.    To be made whole and ensure future compliance; and

    E.    To reasonably avoid future ADA and RA litigation involving the same Courthouse and under the same laws as set forth herein with its concomitant impact on otherwise scarce judicial resources.

49.    Only through a complete inspection of the Property and related facilities, undertaken by DR. CRAWFORD and/or his representatives, can all said violations be identified and cured so as to ensure access for the disabled, the primary purpose of this action.

50. Upon information and belief, as the recipient of federal funds, HINDS COUNTY is liable for damages to DR. CRAWFORD as a result of its acts and omissions constituting intentional discrimination.

51. As set forth above, DR. CRAWFORD has been, and without the relief requested herein will continue to be, denied the access to the services, programs, and facilities offered by HINDS COUNTY solely by reason of his disability, and has otherwise been discriminated against and damaged solely by reason of his disability as a result of HIND COUNTY'S RA violations set forth above.

52. DR. CRAWFORD has retained undersigned counsel for the filing and prosecution of this action. DR. CRAWFORD is entitled to recover his attorneys' fees, costs, and litigation expenses from HINDS COUNTY pursuant to 29 U.S.C. § 794a(b).

53. Pursuant to 29 U.S.C. § 794a(a) this Court is vested with authority to grant DR. CRAWFORD injunctive relief, including an order to alter the subject premises, facilities, services, and programs to make them accessible to and useable by individuals with disabilities to the extent required by the RA; and, granting DR. CRAWFORD compensatory damages for HINDS COUNTY'S discriminatory actions.

## PRAYER FOR RELIEF

54. WHEREFORE, DR. CRAWFORD prays that:

    A. This Court issue a Declaratory Judgment that determines that HINDS COUNTY is in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq*;

B. This Court issue a Declaratory Judgment that determines that the Courthouse, and the programs and activities owned, operated and administered therein by HINDS COUNTY is in violation of the Rehabilitation Act;

C. This Court grant preliminary and permanent injunctive relief against HINDS COUNTY including an order to make all required alterations to the Courthouse; or to make the Courthouse and the programs and activities offered and administered therein otherwise readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require HINDS COUNTY to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered programs, services, facilities, privileges, and advantages to individuals with disabilities; and to require HINDS COUNTY to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of its failure to remove mobility-related barriers;

D. This Court enter an Order directing HINDS COUNTY to alter and modify the Property and its programs, services, and facilities to comply with the ADA and the RA;

E. This Court award monetary damages (including nominal damages) pursuant to Title II of the ADA and 29 U.S.C. § 794a(a)(2) for the harm caused by HINDS COUNTY'S discriminatory practices and barriers;

F. This Court award DR. CRAWFORD reasonable attorneys' fees, costs, and litigation expenses pursuant to 29 U.S.C. § 794a(a)(2) and 42 U.S.C. § 12205 and 28 C.F.R. § 35.175; and

G. This Court order such other relief as the Court deems just and proper, and/or is allowable under Title II of the Americans with Disabilities Act and the Rehabilitation Act.

Respectfully Submitted,

**Bizer & DeReus**
Attorneys for Plaintiff
Jacqueline K. Hammack (MS #104556)
jhammack@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

By: _____
JACQUELINE K. HAMMACK

16