NITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF MISSISSIPPI
                         NORTHERN DIVISION


SCOTT CRAWFORD                                            PLAINTIFF

VS.                              CIVIL ACTION NO. 3:17CV118TSL-RHW

HINDS COUNTY, MISSISSIPPI                                DEFENDANTS


                     MEMORANDUM OPINION AND ORDER

    Plaintiff Scott Crawford brought this action seeking compensatory damages and injunctive relief based on allegations that the Hinds County Courthouse was not compliant with Title II of the Americans With Disabilities Act, 42 U.S.C. § 12131 *et seq.* (ADA), or the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq*.  Previously in this cause, following this court's denial of defendant's motion for summary judgment and the court's ruling on plaintiff's partial summary judgment motion that plaintiff had standing to bring this action and had demonstrated a lack of program accessibility, the parties reached an agreement to settle plaintiff's damages claim for $7,500.  That agreement was memorialized in a consent judgment which the court entered on February 7, 2019, as requested by the parties in a Joint Motion to Approve Consent Judgment and Enter Order of Partial Dismissal.  By that consent judgment, the court approved the parties' agreement and retained jurisdiction to enforce, as necessary, the terms and conditions of the agreement.  Soon

                                 1

after entry of the consent judgment, plaintiff filed a motion for an award of attorneys' fees and expenses incurred to that time. Defendant opposed the motion. It objected that the settlement agreement was merely a private agreement between the parties and did not make plaintiff a "prevailing party", despite the court's entry of the consent judgment. Defendant further argued that even if plaintiff qualified as a prevailing party, the amount of fees requested was excessive and should be significantly reduced. The court has since concluded that its original conclusion with respect to standing was erroneous, in part, in that while plaintiff had standing as to his claim for monetary relief, he lacked standing to secure injunctive relief. The attorneys' fees issue remains for resolution. The court, having now considered the parties' arguments and submissions, finds and concludes that plaintiff is the prevailing party for purposes of an attorneys' fee award and is entitled to an award of reasonable attorneys' fees and expenses in the amount of $83,221.42, as more fully explained below.

The ADA provides that "[i]n any action … commenced pursuant to this chapter, the court …, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorneys' fee, including litigation expenses, and costs[.]" 42 U.S.C. § 12205. To be entitled to attorneys' fees as a "prevailing party" under the ADA, a plaintiff must make "three

2

interrelated showings: '(1) the plaintiff must achieve judicially-sanctioned relief, (2) the relief must materially alter the legal relationship between the parties, and (3) the relief must modify the defendant's behavior in a way that directly benefits the plaintiff at the time the relief is entered.'" Miraglia v. Bd. of Supervisors of Louisiana State Museum, 901 F.3d 565, 576 (5th Cir. 2018) (quoting Davis v. Abbott, 781 F.3d 207, 214 (5th Cir. 2015)). In the court's opinion, all three requirements are satisfied in this case.

The prevailing party is "one who has been awarded some relief by a court." Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res., 532 U.S. 598, 600, 121 S. Ct. 1835, 1838, 149 L. Ed. 2d 855 (2001). "[A] judgment on the merits or *a court-ordered consent decree*" qualifies as court-ordered or judicially-sanctioned relief. Id. (emphasis added). See also Salazar v. Maimon, 750 F.3d 514 (5th Cir. 2014) ("[I]n addition to judgments on the merits, settlement agreements enforced through a consent decree may serve as the basis for an award of attorneys' fees.") (citing Buckhannon, 532 U.S. at 604, 121 S. Ct. 1835). Defendant argues that in this case, despite the court's consent judgment, its settlement agreement with plaintiff of his damages claim was merely a private agreement, which, at defendant's insistence, included no admission of liability. The law is clear, however:

> "Although a consent decree does not always include an admission of liability by the defendant, it nonetheless is a court-ordered 'chang[e] [in] the legal relationship between [the plaintiff] and the defendant.'" [Buckhannon, 532 U.S. at 604, 121 S. Ct. 1835) (citing Texas State Teachers Assn. v. Garland Independent School Dist., 489 U.S. 782, 792, 109 S. Ct. 1486, 103 L. Ed. 2d 866 (1989)). The alteration in legal relationship is distinguished from private settlements that do not entail the judicial approval and oversight involved in consent decrees. Id.

Salazar, 750 F.3d at 521.

Furthermore, plaintiff is the prevailing party, despite the court's having dismissed his claim for injunctive relief. "A prevailing party is a party who is successful 'on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit.'" Abner v. Kansas City S. Ry. Co., 541 F.3d 372, 379 (5th Cir. 2008) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)). "'[T]he prevailing party inquiry does not turn on the magnitude of the relief obtained.'" Sanchez v. City of Austin, 774 F.3d 873, 879 (5th Cir. 2014) (quoting Farrar v. Hobby, 506 U.S. 103, 114, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992)). "A judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay." Farrar, 506 U.S. at 113, 113 S. Ct. 566. See id. at 114, 113 S. Ct. 455 (plaintiffs were prevailing parties notwithstanding that they

4

"received nominal damages instead of the $17 million in compensatory damages that they sought" and no other relief).

A prevailing party "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." <u>Hensley</u>, 461 U.S. at 429, 103 S. Ct. 1933 (citations omitted). Implicit in this, of course, is that there are some circumstances in which "even a plaintiff who formally 'prevails' . . . should receive no attorney's fees at all." <u>Farrar</u>, 506 U.S. at 115, 113 S. Ct. 566. <u>See</u> <u>id.</u> (when the plaintiff in a civil rights suit fails to prove actual, compensable injury and is thus awarded only nominal damages, "the only reasonable fee is usually no fee at all."). In the absence of such a special circumstance, however, "a district court not merely 'may' but must award fees to the prevailing plaintiff." <u>Sanchez</u>, 774 F.3d at 880 (5th Cir. 2014) (quoting <u>Indep. Fed'n of Flight Attendants v. Zipes</u>, 491 U.S. 754, 761, 109 S. Ct. 2732, 105 L. Ed. 2d 639 (1989)) (interpreting comparable Title VII attorneys' fee provision).

Defendant argues that such special circumstances exist in this case because the parties' agreement to resolve plaintiff's damages claim resulted in "absolutely no public benefit", and further because plaintiff duped it into agreeing to entry of a consent judgment by failing to disclose his plan to use the consent judgment as a basis for seeking attorneys' fees as the

5

prevailing party.[1]  Neither argument has merit.  Clearly, the fact that defendant failed to comprehend the potential consequences of requesting that the court approve and retain jurisdiction to enforce the parties' agreement with respect to plaintiff's damages claim does not render an award unjust. Moreover, the Fifth Circuit has rejected the notion that "the 'private' nature of [a] claim is a special circumstance for purposes of awarding § 1988 attorney's fees." <u>Kirchberg v. Feenstra</u>, 708 F.2d 991, 999 (5th Cir. 1983).[2]  No other special

---

[1]  According to defendant, plaintiff insisted on court approval, to be evidenced by entry of a consent judgment, as a condition to any agreement between the parties with respect to his damages claim and also demanded that the consent judgment include a provision for judicial enforcement of the parties' agreement.  Defendant states that it agreed to this only because plaintiff did not disclose the purpose for his insistence on the consent judgment.

[2]  Defendant cites <u>Riddell v. National Democratic Party</u>, 624 F.2d 539, 544-45 (5th Cir. 1980), in support of its position that absence of any public benefit is a special circumstance justifying a denial of attorneys' fees.  The court in <u>Kirchberg</u> addressed this aspect of <u>Riddell</u>, stating,
> It is true that this Court recognized in <u>Riddell</u> that fees had been denied in a number of cases from other circuits where plaintiffs filed under section 1983 to recover what was essentially a tort claim for private monetary damages.  This line of authority was still viable at the time we decided <u>Riddell</u>.  Since that time, however, this Court has concluded that "if such a line of authority ever existed, its continued existence in the wake of <u>Maine v. Thiboutot</u> and <u>Maher v. Gagne</u> is unsupportable."  [<u>Gibbs v. Town of Frisco City, Alabama Police Dep't</u>, 626 F.2d 1218, 1221 n.4 (5th Cir. 1980)].

<u>Kirchberg v. Feenstra</u>, 708 F.2d 991, 998 (5th Cir. 1983).

6

circumstance justifies departure from the general rule that the prevailing party is entitled to an award of attorneys' fees.

The court thus must determine what constitutes a reasonable attorneys' fee for the work performed in this case. To do this, the court first calculates the "lodestar" by multiplying the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers. Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 324 (5th Cir. 1995). While the lodestar is presumed to yield a reasonable fee, Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 552, 130 S. Ct. 1662, 1673, 176 L. Ed. 2d. 494 (2010) (citations omitted), the court must examine the twelve factors enumerated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), to decide if appropriate adjustments to the lodestar fee are necessary. Martinez v. Ranch Masonry, Inc., 760 F. App'x 288, 290 (5th Cir. 2019) (citing Migis v. Pearle Vision, Inc., 135 F.3d 1041, 1047 (5th Cir. 1998)).

"The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed," Hensley, 461 U.S. at 433, 103 S. Ct. 1933, and "bears the burden of showing reasonableness" of both. See Abner, 541 F.3d at 377. To show hours worked, the party seeking the fee award must provide the court with adequately documented time records of the hours reasonably expended. Kellstrom, 50 F.3d at 324; Watkins v.

Fordice, 7 F.3d 453, 457 (5th Cir. 1993). In this regard, "courts customarily require the applicant to produce contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine the application for noncompensable hours." Kellstrom, 50 F.3d at 324. As fees should not be awarded for time that is unproductive, excessive, duplicative, or inadequately documented, the fee applicant should exercise "billing judgment" by excluding such hours from his fee request. See Hensley, 461 U.S. at 436, 103 S. Ct. 1933.

Plaintiff herein has requested attorneys' fees for the work of two attorneys, Andrew Bizer and Jacqueline Hammack, and one paralegal, James Daniel, as follows:

```
Bizer     104.73 hrs. @ $275 per hour  =  $ 28,800.75
Hammack   260.35 hrs. @ $200 per hour  =  $ 52,070.00
Daniel      6.06 hrs. @ $ 90 per hour  =  $    545.40
Total Attorneys' Fee                      $ 81,416.15
Total Expenses                            $  6,846.00
TOTAL ATTORNEYS' FEES AND EXPENSES        $ 88,262.15
```

Defendant objects that the amount of time included in plaintiff's attorneys' time submissions is excessive and that all the claimed hourly rates are too high, and that the resulting fee request is "outrageous". It likewise objects that the expenses requested are excessive.

As to plaintiff's attorneys' time submissions, defendant argues that their time sheets reflect instances of duplicative billing (totaling .83 by Bizer and .67 by Hammack), "irrelevant entries" (totaling .69 by Bizer and 1.99 by Hammack and .88 by a "PAR"), and insufficiently descriptive entries (totaling 1.35 hours by Bizer). It submits this time should be excluded altogether. It further argues that time spent on clerical tasks (totaling 2.90 hours by Hammack) should be compensated at the reduced paralegal rate. Plaintiff, in his rebuttal, does not take issue with any of these objections. Accordingly, the court will reduce the number of Hammack's hours by 2.66 and Bizer's hours by 2.87, and will reduce Hammack's rate for 2.9 hours to a paralegal rate.

Defendant further objects to the 22.91 hours claimed by Bizer for time spent in travel between New Orleans and Jackson for meeting with plaintiff and attending court hearings. Defendant contends this time should be excluded entirely since plaintiff could have retained a Jackson area attorney and avoided any charge for travel. Plaintiff explains, however, that he attempted but was unsuccessful in his efforts to find a local attorney to pursue this litigation. Defendant has not

9

shown otherwise.[3]  Defendant contends, alternatively, that Bizer's travel time should be compensated at a reduced hourly rate, as is the usual practice in this district.  See JGT, Inc. v. Ashbritt, Inc., No. 1:09CV380WJG-JMR, 2011 WL 1323410, at *4 (S.D. Miss. Apr. 5, 2011) (noting that courts typically compensate travel time at 50% of the attorney's hourly rate in the absence of documentation that any legal work was accomplished during travel time.); Gardner v. CLC of Pascagoula, LLC, No. 1:15CV423-LG-RHW, 2020 WL 426490, at *3 (S.D. Miss. Jan. 27, 2020) (reducing attorney's hourly rate by fifty percent for "unproductive travel time").  The Fifth Circuit has regularly approved such reductions.  See, e.g., In re Babcock & Wilcox Co., 526 F.3d 824, 828 (5th Cir. 2008); Shipes v. Trinity Indus., 987 F.2d 311, 320 (5th Cir. 1993) (affirming reduction in hourly rate for time attorneys spent traveling).  The court, accordingly, will compensate counsel's travel time at one-half of the approved hourly rate.

Defendant also objects that plaintiff's counsel spent an unreasonable amount of time on his motion for partial summary judgment (43.2 hours), and on his motion for attorneys' fees (23.57 hours), and that these hours should be significantly

---

[3] For this reason, the court rejects defendant's objection to 1.71 hours spent by attorney Bizer on his application for admission *pro hac vice*.

10

reduced, i.e., by half.  The court, however, being quite familiar with these motions, does not consider the time counsel spent on either was excessive.

An attorney's "reasonable hourly rate" is "calculated according to the prevailing market rates in the relevant community." McClain v. Lufkin Indus., Inc., 649 F.3d 374, 381 (5th Cir. 2011) (quoting Blum v. Stenson, 465 U.S. 886, 895, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)).  "[T]he burden is on the applicant to produce satisfactory evidence", typically affidavits of other attorneys practicing in the relevant community, "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Id. (quoting Blum, 465 U.S. at 895 n.11, 104 S. Ct. 1541). See also Tollett v. City of Kemah, 285 F.3d 357, 368 (5th Cir. 2002) (quoting Scham v. District Courts Trying Criminal Cases, 148 F. 3d 554, 558 (5th Cir. 1998)).  "Courts also look to other court decisions regarding the prevailing rate." Jackson Women's Health Org. v. Currier, No. 3:12-CV-436-DPJ-FKB, 2019 WL 418550, at *2 (S.D. Miss. Feb. 1, 2019) (citing Walker v. U.S. Dep't of Hous. & Urban Dev., 99 F.3d 761, 660 (5th Cir. 1996) (affirming prevailing rate arrived at by district court using "the hourly rate on awards by other judges in the [division,] previous

awards in the ... case, and the published billing rates of outside counsel")).

Plaintiff has provided an affidavit from Jackson attorney Mike Farrell, who offers his opinion that the requested hourly rates of $275 by Bizer and $200 by Hammack are reasonable and in line in this district for attorneys with comparable experience and who practice in this area of specialty. Defendant disputes this and, citing cases from other judges in this district,[4]

---

[4] Most of the cases defendant has cited are of no or dubious relevance. Riley v. City of Jackson, 2 F. Supp. 2d 864, 878 (S.D. Miss. 1997), which it cites as approving rates of $150 to $175 an hour, is over twenty years old. Hourly rates have increased significantly over those twenty years.
 Minter-Smith v. Mukasey, No. 3:03CV1057DPJ-JCS, 2008 WL 2164565, at *14 (S.D. Miss. May 22, 2008), is also dated. In Minter-Smith, Judge Jordan, in the absence of evidence from the prevailing plaintiff as to the prevailing rate in this legal community, found that a rate of $150 to $200 was reasonable based on an affidavit from Mississippi attorney Jim Waide, who stated that the rate courts had approved for him "over the last 2-3 years" had been $150 to $200 per hour. More recently, courts have awarded Mr. Waide fees at the reasonable hourly rate of $400. See, e.g., Griggs v. Chickasaw Cty., Miss., No. 1:16-CV-13-SA-RP, 2020 WL 853532, at *2 (N.D. Miss. Feb. 20, 2020).
 In Howard v. Jackson Express Hotel Investments, LLC, No. 3:08CV629 DPJ-FKB, 2010 WL 3025558, at *2 (S.D. Miss. July 30, 2010), Judge Jordan awarded fees to a plaintiff for 13.8 hours on a motion to enforce settlement. In the absence of evidence from the plaintiff to establish either counsel's level of experience or expertise or the prevailing local rate, and observing that the work was "far from complex," he found that a rate of $175 was appropriate based on affidavits he had received in the past "establishing a market rate of between $150 and $300 per hour for more complex cases handled by attorneys with decades of experience."
 Finally, in Robinson v. Bridgewater Owners Association, Inc., No. 3:16-CV-794-DPJ-FKB, 2018 WL 1751029 (S.D. Miss. Apr. 11, 2018), Judge Jordan imposed attorney fees for four hours'

12

argues that Hammack's rate should be lowered to $125 based on her six years' experience as a practicing lawyer, and that Bizer, who has been practicing law for fifteen years and disability law for eight years, should receive no more than $200 per hour for his time.[5] Plaintiff, in rebuttal, cites cases from judges in this district which support his attorneys' requested hourly rates.[6] In the court's opinion, plaintiff has adequately established that his attorneys' requested hourly rates are, in fact, within the range of rates charged by attorneys in this

---

work as a sanction, and in the absence of any proof from the party as to a reasonable rate, proposed an hourly rate of $200 as reasonable, with leave to the party to object if he disagreed.

[5] See Lighthouse Rescue Mission, Inc. v. City of Hattiesburg, Miss., No. 2:12-CV184-KS-MTP, 2014 WL 1653108, at *3 (S.D. Miss. Apr. 23, 2014) (concluding that $200 per hour in civil rights case for attorney practicing law for seven years was unreasonable).

[6] See Canaski v. MID Miss. Props., Inc., No. 1:15CV344-HSO-JCG, 2017 WL 4531690, at *5 (S.D. Miss. May 17, 2017) ($200 for sixth-year attorney with civil rights niche practice); Brooks v. Illusions, Inc., No. 5:16-CV-31-KS-MTP, 2017 WL 1380464, at *2 (S.D. Miss. Apr. 10, 2017) ($260 for fourth-year attorney with niche civil rights practice); Brown v. Mississippi Dep't of Health, No. 3:11-CV-146-CWR-FKB, 2013 WL 12128785, at *3 (S.D. Miss. Mar. 5, 2013) ($235 for associate attorney in ninth year of practice); Penthouse Owners Ass'n, Inc. v. Certain Underwriters at Lloyd's, London, No. 1:07CV568-HSO-RHW, 2011 WL 6699447, at *10 (S.D. Miss. Dec. 21, 2011) ($200 for associate attorney in fifth year of practice); Smith v. Fresh Cut Floral & Catering, Inc., No. 3:07CV661WHB-LRA, 2008 WL 4539630, at *2 (S.D. Miss. Oct. 7, 2008) ($200 for associate attorney in seventh year of practice).

13

community for similar services by lawyers of reasonably comparable skill, experience and reputation, and the court will therefore set their fees using these rates.

Based on the foregoing, the lodestar amount is $76,625.90.[7] The court now must consider whether this amount should be increased or decreased based on the Johnson factors, which are:

> (1) time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Migis, 135 F.3d at 1047 (citing Johnson, 488 F.2d at 717-19). As is typically the case, many of these factors are accounted for in the lodestar calculation. See Hensley, 461 U.S. at 434 n.9, 103 S. Ct. 1933 (many of Johnson factors will be "subsumed within the initial calculation of

---

[7] This amount is calculated as follows:
```
Bizer     78.95 hrs @ $275.00/hr. = $21,711.25
          22.91 hrs @ $137.50/hr. =   3,150.25
                                              $24,861.50
Hammack  254.79 hrs @ $200.00/hr. = $50,958.00
           2.90 hrs @  $90.00/hr. =     261.00
                                              $51,219.00
Daniel     6.06 hrs.@  $90.00/hr. =           $   545.40

LODESTAR TOTAL                                $76,625.90
```

14

hours reasonably expended at a reasonable hourly rate"). Specifically, the court's lodestar calculation takes into account: the time and labor required; the skill required to perform the legal services properly; the customary fee; the experience, reputation, and ability of counsel; and to some extent, awards in similar cases. Beyond these, most of the remaining factors are neutral. Plaintiff's attorneys do not claim that the case was undesirable (or, conversely, particularly desirable), or that the case imposed any unusual time limitations, or that taking the case precluded them from other employment.

The "most critical" of the Johnson factors is the degree of success obtained. Hensley, 461 U.S. at 436, 103 S. Ct. 1933. The Supreme Court explained in Hensley that where "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." Id. The unusual timing of plaintiff's attorneys' fee motion in this case somewhat complicates evaluation of this factor. Plaintiff filed his motion before the case was finally resolved.[8]

---

[8] He did so in the belief that the court's local rules required him to file his motion within fourteen days of the

15

Understandably, given the court's ruling on plaintiff's partial summary judgment motion, he would have anticipated a high degree of success. However, as the court has now concluded that he has no standing to obtain injunctive relief, he succeeded only on his claim for damages. Had plaintiff waited until the case was finally decided to file his motion for attorneys' fees and then included in his fee request compensation for hours spent (following the parties' resolution of his damages claim) in pursuit of his claim for injunctive relief, then the court would either have cut those hours in its lodestar computation or ordered a downward adjustment in consideration of this Johnson factor. However, since plaintiff filed an early motion for attorneys' fees based on having prevailed on his claim for damages, the court perceives no legitimate reason to reduce the lodestar amount as the work performed by counsel to that date was reasonably necessary for plaintiff's interrelated claims.

In addition to his claim for attorneys' fees, plaintiff seeks an award of expenses totaling $6,846. Of this amount, defendant objects to $701.70 that was spent on transcripts of depositions that were never used; $100.48 is claimed for "mileage" without anything to indicate the mileage is compensable; and a duplicate $150 entry for his expert's "doc

---

court's entry of the consent judgment. Whether that was correct is immaterial.

review and affidavit." Plaintiff maintains in his rebuttal that the referenced depositions were necessarily obtained for use in the case, and the court does agree. However, plaintiff does not appear to address defendant's objections to the mileage charge and the duplicate $150 entry. Those charges will therefore be disallowed, making $6,595.52 the total amount of expenses awarded.

Based on the foregoing, it is ordered that plaintiff's motion for attorneys' fees and expenses is granted in part and denied in part, as set forth herein.

SO ORDERED this 6th day of April, 2020.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE